IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| RECURSION SOFTWARE, INC. | § | Cause No.: _____ |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 3:03-CV-2711-B |
| | § | Northern District of Texas, Dallas |
| INTERACTIVE INTELLIGENCE, INC., | § | Division |
| | § | |
| Defendant. | § | |

## AVTEX, INC.'S MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER FROM DEPOSITION AND FROM SUBPOENA *DUCES TECUM*

NOW COMES non-party, Avtex, Inc. ("Avtex"), by and through its local counsel, James C. Ratzel and hereby files this Motion to Quash and Motion for Protective Order regarding Plaintiff, Recursion Software, Inc.'s ("Recursion") Subpoena and in support thereof, states as follows:

### OVERVIEW

Avtex, Inc. is not a party to the present litigation venued in the Northern District of Texas. On or about March 8, 2005, Avtex, Inc. was served via registered agent with a deposition subpoena. That subpoena requires an extensive amount of material to be obtained and disclosed pursuant to the deposition subpoena. Included in that information will be information relating to the internal operation of Avtex, Inc. along with the identity of customers. As is referenced below, there are several areas of concern which require a motion for a protective order to be granted by this court.

The deposition is incorrectly venued. The information being sought and the appropriate corporate representative is not in Waukesha, Wisconsin. Moreover, even if this deposition was properly venued, the information being sought is a sensitive nature that would require the

imposition of the protective order. As Avtex, Inc. is not a party, Avtex, Inc. would suffer if it names the identity of customers were presented to third-parties. Whatever type of confidentiality would be proposed, it would not preclude the plaintiff or other parties from contacting customers once having been given the customers' names. Customers then would naturally have some concern over the fact of their involvement in litigation and look with disfavor upon Avtex, Inc., even though Avtex, Inc. did nothing wrong. Moreover, other internal information and methods of operation of Avtex, Inc. would necessarily be disclosed or exposed to disclosure if the subpoena were complied with. It is respectfully argued that Avtex, Inc. should not be dragged into the midst of contentious litigation in the Northern District of Texas with a blanket subpoena and burdensome demand for discovery.

Avtex, Inc. ("Avtex"), by and through its local counsel, James C. Ratzel and hereby files this Motion to Quash and Motion for Protective Order regarding Plaintiff, Recursion Software, Inc.'s ("Recursion") Subpoena and in support thereof, states as follows

1. On March 4, 2005, Recursion caused a subpoena to issue commanding the attendance of Avtex, a Minnesota corporation, at a deposition in Wisconsin.

2. Recursion demands the deposition occur on March 15, 2005 in Waukesha, Wisconsin which is more than 100 miles from Avtex's corporate headquarters located in Minneapolis, Minnesota. Therefore, the provisions and powers of FRCP 45 have been exceeded and Recursion's subpoena must be quashed.[1]

3. Avtex was served with the subpoena on March 8, 2005—one week prior to the deposition. Avtex can not have a corporate representative available at the time ordered by Recursion. The time frame between when Avtex was served and the time demanded is unreasonably short.

---

[1] See Federal Rules of Procedure 45(c)(3)(A)(ii).

2

4. The scope of the requested documents in the *duces tecum* is overly broad and unduly burdensome as it requests "all contracts or agreements between Avtex, Inc. and Interactive Intelligence, Inc." as well as "All documents or correspondence..," "All invoices...," and "All packing slips, purchase orders or other documents indicating the sale of hardware." This request is grossly overbroad in scope and unduly burdensome on a non-party as it calls for no specific time frame, no specific transaction and no specific subject matter.

5. The records requested in the subpoena duces tecum go back to the year 1998 and would require significant corporate resources to produce. All of the records requested in the subpoena duces tecum are located in Minnesota. Moreover, determining who the appropriate corporate representative should be and providing that person with adequate time to become familiar with the voluminous requested documents is absolutely impossible to accomplish within five business days. Accordingly, Recursion's subpoena should be quashed and an order entered protecting Avtex.

6. Avtex has never indicated to any party to the lawsuit that it would be available for deposition at the time stated in the subpoena.

7. Avtex holds a proprietary interest in the documents and other information sought by Recursion's subpoena. Specifically, the agreements at would comprise issue identify Avtex's confidential and trade secret customer list, and well as the proprietary terms and conditions Avtex has negotiated with its suppliers. Indeed, it appears that Recursion Software is a competitor of Avtex, in that both companies are in the software distribution business.

8. Finally, in Federal Rule of Civil Procedure (c)(3)(A) the Rule states that upon timely motion, the court by which a subpoena was issued **shall quash** a subpoena if it:

    (i) fails to allow reasonable time for compliance;

3

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

## CONCLUSION

For the reasons stated herein, Avtex respectfully requests that the Court quash Recursion's subpoena and issue an order protecting Avtex from same.

Respectfully submitted,

By: _____
James C. Ratzel, SBN: 1007708
**Attorneys for Avtex, Inc.**
Ratzel & Associates LLC
20300 Watertower Blvd., #125
Brookfield, WI 53045

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was forwarded via facsimile to the following counsel of record on March 9, 2005:

John W. Bowdich
Korn, Bowdich & Diaz, L.L.P.
4221 Avondale
Dallas, Texas 75219
Fax: 214-521-8821

By: _____
James C. Ratzel
**Attorneys for Avtex, Inc.**
Ratzel & Associates LLC
20300 Watertower Blvd., #125
Brookfield, WI 53045